UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ELIZABETH ARIAS, § | |
| Plaintiff, § | |
| V. § | C.A. NO. C-05-41 |
| § | |
| JO ANNE B. BARNHART, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

On December 28, 2005, final judgment remanding this case to the Commissioner for further proceedings was entered (D.E. 18, 19). The Commissioner did not appeal the judgment.[1] On January 25, 2006, plaintiff filed his Petition for Attorney's Fees and Memorandum of Law (D.E. 21-24).[2] Plaintiff now seeks attorney's fees and costs in the amount of $3,326.13 under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412. The Commissioner filed no response. According to the Local Rules for the Southern District of Texas, failure to file a response is taken as a statement that the party is unopposed to the granting of the relief requested. LR 7.4. It is respectfully recommended that plaintiff's motion be granted.

## APPLICABLE LAW

In a civil suit brought against the United States or one of its agencies, the prevailing party is entitled to reasonable attorneys fees and costs under the EAJA unless the Court finds that the

---

[1]The Commissioner had sixty (60) days from the entry of final judgment to file a notice of appeal. FED. R. APP. P. 4(a)(1)(B). The sixtieth day fell on Sunday, February 26, 2006, extending the deadline for filing notice of appeal to Monday February 27, 2006. FED. R. APP.P. 26(a)(3).

[2]Plaintiff's motion for EAJA fees was prematurely filed, *see* 28 U.S.C. § 2412(d)(1)(B); Melkonyan v. Sullivan, 501 U.S. 89, 102, 111 S.Ct. 2157, 2165 (1991) (statutory thirty day time period to file application does not begin to run until the sixty day time for filing an appeal has passed), but will be treated as if timely filed on February 28, 2006.

position of the government was substantially justified or the presence of special circumstances make an award unjust. 28 U.S.C. § 2412. Plaintiff seeks EAJA fees at the rate of $151.25 per hour for 19.90 attorney hours, expenses of $166.26, and the $150 filing fee (D.E. 21, 22).

**A.     Prevailing party**

The District Court remanded the case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g), directing that a proper analysis be made of plaintiff's treating physician's assessment of plaintiff's mental impairments (D.E. 18). A social security claimant is a prevailing party under such circumstances. Shalala v. Shaefer, 509 U.S. 292, 113 S.Ct. 2625, 2631-32 (1993). *See also* Squires-Allmen v. Callahan, 117 F.3d 918, 920 n. 2 (5th Cir. 1997).

**B.     Position of the Government**

Plaintiff alleges that the position of the government was not substantially justified. 28 U.S.C. § 2412(d). To be substantially justified, the United States' position must have a "'reasonable basis both in law and in fact.'" Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 2550 (1988) (citations omitted). Put another way, "substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. It is more than merely undeserving of sanctions for frivolousness, but less than "clearly and convincingly justified." Id. The government failed to submit any argument that its position was substantially justified. Plaintiff's claim was remanded because the administrative law judge's ("ALJ") determination that plaintiff does not suffer from a somatoform disorder and does not meet the severity criteria in the regulations was not supported by substantial evidence (D.E. 18). The position of the government was not substantially justified.

**C.     Number of Hours Spent**

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Also, the district court should exclude from the initial fee calculation hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L. Ed.2d 40 (1982). "To determine the number of hours reasonably spent, one must first determine the number of hours actually spent and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984).

Counsel requests compensation for 19.90 attorney hours (D.E. 24, Time and Billing Statement). Approximately fifteen (15.00) of those hours were spent reviewing the record, preparing plaintiff's brief, reviewing the Commissioner's response, and preparing a reply. The time spent appears reasonable in view of the size of the administrative record, 677 pages. The remaining four and one-half (4.5) hours included time to meet with the client, set up the file, review court orders, and prepare the motion for payment of attorney's fees. The time spent was reasonable.

**D.     Hourly Rate for Attorney Fees**

The EAJA provides that attorney's fees shall not be awarded in excess of $125 per hour[3] unless the court determines that an increase in the cost of living or a special factor justifies a higher

---

[3] The 1996 amendment to the EAJA, effective March 29, 1996, sets the hourly rate at $125.00. 28 U.S.C. § 2412(d)(2)(A).

fee.  Hall v. Shalala, 50 F.3d. 367, 370 (5th Cir. 1995).  The cost-of-living adjustment has always been based upon the Consumer Price Index ("CPI") furnished by the Bureau of Labor Statistics.  Perales v. Casillas, 950 F.2d 1066, 1074 (5th Cir. 1992).  Moreover, in Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988), the Fifth Circuit Court of Appeals found that Congress intended to provide an allowance for a cost-of-living increase, although the statute does not absolutely require it.  Except in unusual circumstances, if there is a significant difference in the cost of living since the setting of the basic hourly rate that would justify an increase in the fee, an increase should be granted.  The rule does not require that fee awards track the cost-of-living index for the geographical area, although it is a significant indicator.  Rates should be increased only to the extent necessary to ensure an adequate source of representation and should not exceed the percentage by which the market rate attorneys' fees have increased since the enactment of the statute.  Id., 839 F.2d at 1084.  See also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992)("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation; this expectation will not be realized, however, if district courts, without explanation, refuse to consider increases in the cost of living when calculating EAJA fees").

Plaintiff seeks EAJA fees at the rate of $151.25 per hour for 19.90 hours worked  (D.E. 24). The Commissioner filed no objections.  A check of the data available on the Bureau of Labor Statistics Website (www. bls. gov) reflects that the consumer price index (CPI) for April 1996[4]  was 143.1 and the overall CPI for 2005 was 175.6 for the Houston-Galveston-Brazoria area.  Dividing 175.6 by 143.1 equals 1.23, which represents a 23% increase in the CPI since March 1996.  If $125

---

[4] EAJA was enacted in March 29, 1996.

per hour is multiplied by 1.23, the resulting hourly rate is $153.75. Accordingly, it is recommended that plaintiff be granted attorney's fees at the hourly rate requested, $151.25.

**E.      Filing, Postage, Photocopying, and Delivery Service fees.**

Plaintiff seeks reimbursement for expenses of $150.00 for the filing fee and $166.26 for postage, photocopies, and delivery service fees (D.E. 22 at 6). The EAJA authorizes reimbursement for costs and reasonable expenses. 28 U.S.C. § 2412(a) & 2412(d)(1)(A). Costs are those items enumerated in 28 U.S.C. § 1920 and include, for example, the filing fee and copying costs. Expenses are "those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried," Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988), and include such items as postage, telephone, and electronic research. Id. Plaintiff's enumerated costs are recoverable and it is recommended that plaintiff be reimbursed $316.26 for the filing fee and other costs.

## RECOMMENDATION

For the above-stated reasons, it is respectfully recommended that plaintiff's petition for Attorney's Fees (D.E. 21-24) be **GRANTED** and that plaintiff's counsel be awarded attorneys fees of $3009.87 (19.90 hours x $151.25 per hour) and costs in the amount of $316.26, for a total of $3,326.13.

Respectfully submitted this 28th day of February, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).April 25, 2001